**Sam ROLAND and Olevia W. Roland**

v.

**Joseph W. CHRIST et al.**

**Civ. A. No. 14699.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

March 12, 1971.

Lloyd G. Teekell, Alexandria, La., for plaintiffs.

D. H. Perkins, Jr. and Paul Lynch, Asst. U. S. Attys., Shreveport, La., for defendants.

NAUMAN S. SCOTT, District Judge:

This action was consolidated for trial with Civil Action No. 14,658, Gordon L. Goudeau, Jr. v. Joseph W. Christ; Robert C. Seaman, Jr., Secretary of the United States Air Force, and the United States Government, through The Attorney General of the United States, John N. Mitchell, also decided this date. Sam Roland and Olevia W. Roland are suing for damages suffered by them in the same accident described in the case above referred to.

Olevia W. Roland, a 31 year old kindergarten teacher, was driving her family's 1963 Volkswagen automobile to school on the morning of May 20, 1968, when she collided with left side of an Air Force vehicle driven by Airman Joseph W. Christ on U. S. Highway #71 about eight miles south of Alexandria, Louisiana. This accident occurred at a T-intersection just north of the campus of Louisiana State University-Alexandria located on U. S. Highway #71.

Mrs. Roland was quite familiar with the T-intersection and the flashing caution light which hangs directly over the highway at the intersection. She had been following Airman Christ's vehicle for some time when she noticed him suddenly slam on his brakes and spin around in the highway in an attempt to avoid a rear-end collision with vehicles stopped ahead of him at the T-intersection. Mrs. Roland put on her brakes but was unable to stop before colliding with the Air Force vehicle which had spun around and was blocking the south-bound lane at the highway on which she was traveling. It is clear from the evidence that if Mrs. Roland had been keeping a proper lookout, maintaining proper control and maintaining a safe distance between her vehicle and the Air Force vehicle preceding her, she could have stopped safely and the accident would not have occurred. For the reasons set out in detail in consolidated proceeding above referred to, Mrs. Roland is found to have been negligent and recovery is denied.

## JUDGMENT

This cause having come on for trial pursuant to regular assignment, the law and evidence being in favor thereof, for written reasons this day assigned, it is

Ordered, adjudged and decreed that there be judgment herein in favor of United States of America and against Sam Roland and Olevia W. Roland, denying any and all claims which were the subject of this suit.